**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DR. ARNOLD ROSENBERG<br>45 ELFRETHS COURT<br>NEWTOWN, PA 18940<br><br>Plaintiff,<br><br>vs.<br><br>DENTAL PROFESSIONALS OF PENNSYLVANIA P.C. d/b/a HEARTLAND DENTAL and/or SHADY BROOK FAMILY DENTAL<br>4O4 FLORAL VALE BOULEVARD<br>YARDLEY, PA 19067<br><br>Defendant. | CIVIL ACTION<br><br>DOCKET NO.<br><br>JURY TRIAL DEMANDED |

**CIVIL ACTION - COMPLAINT**

Plaintiff, DR. ARNOLD ROSENBERG, through his undersigned counsel, Adam D. Meshkov, Esquire, hereby brings this Complaint against Defendant, DENTAL PROFESSIONALS OF PENNSYLVANIA P.C. d/b/a HEARTLAND DENTAL and/or SHADY BROOK FAMILY DENTAL, and in support thereof avers as follows:

**PARTIES**

1. Plaintiff, DR. ARNOLD ROSENBERG, is an adult individual and a resident of Bucks County, Pennsylvania, with an address of 45 Elfreths Court, Newtown, PA 18940.

2. Defendant, DENTAL PROFESSIONALS OF PENNSYLVANIA P.C. d/b/a HEARTLAND DENTAL and/or SHADY BROOK FAMILY DENTAL, is a private company with a business location of 404 Floral Vale Boulevard, Yardley, PA 19067.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal law, the United States Constitution, and 42 U.S.C. § 1983.

4. Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the unlawful practices alleged below occurred in this District and because all parties are found in this District.

## JURY TRIAL DEMAND

5. Plaintiff hereby demands a trial by jury of all matters complained of.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff duly filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on 10/14/2026.

7. On 10/14/2026, undersigned counsel requested the EEOC close its investigation and issue a Notice of Right to Sue letter, which has not yet been received.

## FACTUAL ALLEGATIONS

8. Plaintiff became employed by Defendant in 2020 pursuant to a signed contract dated November 20, 2020.

9. Pursuant to the contract, Plaintiff was required to work at least 32 hours a week and in a position to earn a minimum based gross salary of $80,000.00 annually based on the contract structure.

10. Plaintiff, in fact, earned the following amounts while employed by Defendant: 2020 ($213,179.00); 2021($99,585.00); 2022 ($154,923.00); 2023 ($97,071.00); 2024 ($124,296.00); 2025 ($88,471.00).

11. Beginning in or about March 2025, Defendant hired another significantly younger female dentist, Dr. Kavita Koria.

12. During the course of the next several months, Dr. Koria, along with Rebecca Eroh, Office Manager, and administrative staff, all of whom were female, Plaintiff's work schedule was significantly manipulated in order to advantage Dr. Koria and to disadvantage Plaintiff.

In January 2026, Defendant unilaterally reduced Plaintiff's schedule to a minimum of 16 hours per week and required that he sign an addendum dated January 15, 2026, to this effect, essentially reducing his salary by more than 50%.

13. Prior to this adverse change in his employment, Plaintiff had complained about the preferential treatment received by Dr. Koria and negative treatment received by him without any meaningful response from Defendant.

14. In January 2026, Plaintiff's assistant, Michelle Dunn, had come to the office for dental treatment while on FMLA leave of absence.

15. While she was in the office, Ms. Dunn assisted Plaintiff in organizing drawers which were in disarray.

16. When Defendant learned that this had occurred, it placed Plaintiff on a PIP through William Decastro and Jennifer Walter, managers on February 13, 2026.

17. Pursuant to the written PIP, Plaintiff was accused of vague violations of behavior standards, and an audit was undertaken of his files.

18. At no time prior to February 2026 had Plaintiff's medical files been audited, nor, to his knowledge, have any other dentists' medical files ever been audited.

19. It is believed and therefore averred that the PIP issued in February 2026 was a pretextual effort to attempt to conceal Defendant's actual discriminatory motivation for Plaintiff's adverse treatment and ultimate termination of his employment.

20. In May 2026, Plaintiff was reported by Karin Lifshutz, Dental Hygienist, to Dr. Koria and/or Jennifer Borowic, Office Manager, of allegedly making a derogatory statement about another employee to the effect that it was claimed that he described her haircut as making her appear to be a dog, which Plaintiff immediately, vehemently, and continues to vehemently deny ever having occurred.

21. During this period of time, comments were made by Ms. Walter to Plaintiff that stated, "aren't you ready to retire," as compounded with the demeaning treatment received as described.

22. On June 3, 2026, as a result of Plaintiff's alleged dog comments, a disciplinary meeting was convened with Ms. Walters and Mr. Decastro during which he was provided verbal discipline and left to believe that his employment had ended.

23. Following additional text message exchanges, however, it became clear that Defendant had not in fact terminated his employment on that date.

24. On June 17, 2026, Plaintiff was informed by Ms. Walter and Mr. Decastro that his employment was to be terminated effective immediately.

25. Plaintiff believes and therefore avers that the pattern of mistreatment received in terms of the demeanor and verbal assaults received from management and material changes in the terms of his compensation during the term of his employment were due to and as a result of his age, motivated by discriminatory animus.

26. Plaintiff further believes that his termination was pre-planned and directly related to and caused by his age. Defendant can point to no substantive problems in order to justify its mistreatment of Plaintiff, as no such subjects had been presented to him.

**COUNT ONE**
**VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 621 *et seq.* – AGE DISCRIMINATION/HOSTILE WORK ENVIRONMENT/WRONGFUL DISCHARGE**

27. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

28. Based on the foregoing facts, Plaintiff alleges that he was discriminated against based on his age in violation of the Age Discrimination in Employment Act of 1976.

WHEREFORE, Plaintiff respectfully seeks all damages permissible under Title VII and any interpreting case law, including but not limited to lost income, lost future income, lost fringe benefits, lost future fringe benefits, and other employment opportunities, and emotional distress.

MESHKOV & BRESLIN, LLC

DATED: 11/13/26 BY: _/s/ Adam Meshkov_______________

ADAM D. MESHKOV
Attorney I.D.: 94856
830 Lehigh Street
Easton, PA 18042
adm@meshkovbreslin.com
(T) 610.258.6625 / (F) 610.258.487